IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARY GOSS,** : | CIVIL ACTION NO. 1:12-CV-1349 |
| : | |
| Plaintiff, : | (Chief Judge Conner) |
| : | |
| v. : | |
| : | |
| **MICHAEL J. ASTRUE,** Commissioner of : | |
| Social Security, : | |
| : | |
| Defendant. : | |

# **ORDER**

AND NOW, this 6th day of March, 2014, upon consideration of the complaint (Doc. 1) of plaintiff Mary Goss ("Goss") seeking review of a decision of the Commissioner of Social Security[1] ("Commissioner") denying her claim for supplemental security income, and further upon consideration of the report and recommendation (Doc. 13) of Chief Magistrate Judge Martin C. Carlson, recommending the court remand the matter to the Commissioner for further consideration of the medical evidence and Goss's subjective testimony, and, following an independent review of the record, the court agreeing with Judge Carlson that the administrative law judge ("ALJ") erroneously based his decision on multiple and material factual misstatements, (id. at 24-26 (noting, for example, ALJ's inaccurate representation that Goss takes pain medication twice monthly rather than

---

[1] Michael J. Astrue's term as Commissioner of Social Security expired on January 19, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin, who succeeded Astrue and was named Acting Commissioner of Social Security on February 14, 2013, is substituted as defendant in this action. See FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

daily), and further failed to sufficiently explain his credibility determinations, (id. at 21-24 (observing that ALJ used boilerplate language in rejecting Goss's subjective testimony notwithstanding corroborating evidence demonstrating limited range of motion)), and it appearing that neither party has objected to the report,[2] and that there is no clear error on the face of the record,[3] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may

---

[2] On February 27, 2014, the Commissioner filed a letter (Doc. 14) with the court waiving the opportunity to object to the report and recommendation.

[3] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 13) is ADOPTED in its entirety.

2. The Clerk of Court shall enter judgment in favor of Goss and against the Commissioner as set forth in the following paragraphs.

3. The decision of the Commissioner denying Goss's application for supplemental security income is VACATED.

4. The above-captioned matter case is REMANDED to the Commissioner for additional consideration of the medical evidence and Goss's subjective testimony consistent with this order and the magistrate judge's report. After reconsideration, the Commissioner shall issue a new decision.

5. The Clerk of Court shall CLOSE this case.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania